PARAGON REFINING CO. *v.* LEE BROS.

*(Jackson.* April 21, 1897.)

1. MEASURE OF DAMAGES. *For breach of contract of sale.*

   Doctrine reaffirmed, that the measure of damages for breach by the seller of an executory contract of sale is the difference between the contract price and the market value of the article at the time and place of delivery. (*Post, p. 645.*)

   Cases cited and approved: Coffman *v.* Williams, 4 Heis., 233; McDonald *v.* Unaka Co., 88 Tenn., 38.

2. SAME. *Evidence of market price.*

   Evidence of the price of oil on three days during which it would have been received by defendant, if shipped with reasonable promptness by plaintiff, as provided in the accepted orders given by defendant, is not inadmissible as an average of prices and as speculative, in determining the damage from failure to deliver. (*Post, pp. 645–649.*)

3. SET-OFF. *Amount in excess of plea abated.*

   An excess allowed to defendant above the amount claimed in his plea of set-off and recoupment will be abated on appeal, although no objection on that ground was made in the trial Court. (*Post, p. 646.*)

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

H. S. HALEY for Refining Co.

H. C. WARINNER for Lee Bros.

WILKES, J.   The oil company sued Lee Bros. on open account for the price of three cars of petroleum, claiming as amount due $763.90.   The defendant filed pleas denying liability, and also a plea of set-off and recoupment for failure to deliver three cars of such oil, laying their damages for such failure at $1,000.   The cause was heard in the Court below without a jury, when the trial Judge was of opinion that the oil company was entitled to recover for oil delivered and not paid for $763.90, and this judgment is not complained of, but that the defendants, Lee Bros., were entitled to recoup against such recovery $1,072.50, and for the difference, $308.60, he gave judgment against the oil company, and it appealed and has assigned errors.

It is assigned as error that the Court admitted, under the plea of set-off and recoupment, a table of prices and estimates, as set out in the record.   This table is a statement or schedule showing market price of oil at Memphis from March 28 to May 8, from which, as well as the other evidence, it is claimed that it appears that the defendants could have sold the oil which they bargained for and did not get, at thirteen and one-half cents per gallon.   The contention is that this is an average of prices, and is speculative, and hence not a proper measure of damages.   The objection is not to the admissi-

bility of the paper, but to the facts attempted to be established by it.

The parties do not disagree upon the rule or measure of damages in cases of executory contracts of sale which are breached, and it is conceded that the proper rule or measure is the difference between the contract price and the market value of the article at the time and place of delivery. *Coffman* v. *Williams*, 4 Heis., 233; 2 Sedg. on Dam., Sec. 734; 5 Am. & Eng. Enc. L., p. 30, note 2; *McDonald* v. *Unaka Co.*, 4 Pick., 38.

The difficulty in this case is that the contract, if made at all, which will be hereafter considered, was for a "reasonably prompt delivery," and not a delivery at a specified date. The orders were given for the oil on the twenty-eighth and twenty-ninth of March. The evidence tends to show that it would require eight or ten days for the oil to reach Memphis after being shipped by the plaintiffs from Toledo, Ohio. It would require until the first of April for the order to reach Toledo, and estimating that under the terms "reasonably prompt shipment," at from five to seven days would place the oil in Memphis on fifteenth to seventeenth of April, at which date the table, as well as evidence explaining it, shows that the oil was selling at 13½ cents or over. We are of opinion that there is evidence to sustain the finding of the Court below upon this point.

The second assignment is that the amount of the set-off was not based on proper facts, and was

greater than the amount claimed in the plea of set-off and recoupment. The first feature in this assignment has already been passed upon. No objection appears to have been made in the Court below upon this latter point, and the judgment actually rendered was for only $308.60. Still the finding was for $1,072.50 or $72.50 more than the damages laid in gross in the plea of set-off and counterclaim. The plea of set off specified the damages at $5\frac{3}{10}$ cents per gallon. There is nothing to show that a car is any fixed amount, but it appears in this case that they range from 6,325 to 6,500 gallons each, as appears from the bills of plaintiffs. The trial Judge, however, estimated them at 6,500 gallons each, and the loss at $5\frac{1}{2}$ cents per gallon, and thus arrived at the amount of $1,072.50 for the three cars not delivered.

We are of opinion that defendant should not be allowed to recover beyond the amount claimed by him, and, if allowed to stand, his judgment must be abated to the extent of $72.50, the excess over the amount claimed.

The other assignments go to the merits of the case, and are, in substance, that there is no evidence to support the verdict. The question as to whether there was a valid contract for the three cars of oil in controversy, under the plea of set-off, must turn upon the wording of the telegrams and letters which passed between the parties, as well as the usual course of business transactions between

them, and we briefly refer to these letters and telegrams.

On March 21, 1895, the oil company, in response to letters of inquiry, quoted the price of oils to the defendant, and added: "These figures are for prompt acceptance and for reasonably prompt shipment." On March 28, defendant, Lee, by telegram ordered one car shipped by Friday, and added: "Our stock order mailed to-day at your quotations of 21st." The tank ordered for immediate shipment was sent on the next day, Friday, as directed. On receipt of telegram, the oil company notified the defendant that car would be shipped at best dispatch possible, and added: "We await your mail confirmation." And on the next day wired notice of shipment of the car. The oil company received no letter confirming the order of 28th up to the morning of the 30th, and on the evening of that day wrote the defendant, advancing prices, adding: "We would not be disposed, however, to do more than take care of your current requirements at these figures. These quotations are for immediate acceptance only." On Monday, April 1, they received a letter from defendant, of date March 29, ordering four cars additional, and acknowledging receipt of telegram as to shipment of the one car. The letter directed two cars to come forward promptly, but said nothing as to shipment of the other two.

In reply to this the oil company wrote a letter saying: "We take it from your letter that you wish

to have another car shipped at $5\frac{8}{10}$, which, while not our purpose, owing to the rapid changes in the market, we will do, applying our figures of Saturday for future business,'' and the company thereupon shipped one car, and, under date of April 3, wrote that they were not disposed to enter any further orders on the quotations of March 21.

On April 1, defendants wrote increasing their order to six cars, and directed that two cars be shipped April 15, and the remainder April 25, and the letter of April 3 was in reply to this as well as that of March 29.

Then follows various letters to and fro, each party attempting to uphold his view of the status. It would be useless to go into this war of words, and we only refer to it as furnishing evidence of what we believe to be the true condition of affairs; that is, that the parties did not understand each other, that their minds had not met in regard to the matter, and that a binding contract had not been made between them. The defendants did not send forward their stock order on the twenty-eighth, as they wired they would do. The order as sent did not reach the oil company until the first. In the meantime they had, on March 30, before receipt of the defendant's letter, advanced their prices. We are of opinion, therefore, that the parties did not come to an agreement such as would render the contract binding, and defendants cannot, under the evidence, claim

Paragon Refining Co. *v.* Lee Bros.

the benefit of the three cars set up in their plea of off-set and recoupment.

This being so, the judgment must be reversed, and judgment rendered here against the defendants for the amount due the oil company for oil sold and delivered to them, and all costs.