PRESTON *v.* THE STATE.

(*Knoxville.*    September Term, 1905.)

1. **OATH OF TALESMEN.** Objection to, cannot be made for the first time in supreme court.

Objection to the manner in which the talesmen were sworn cannot be made for the first time in the supreme court, where none was made at the time the oath was administered and there was no motion to require the jurors to be resworn and re-examined.

2. **SAME.** Not invalid for mere informalities.

While it is the duty of an officer administering an oath to follow the forms prescribed by law, yet mere formalities are not essential to the validity of the oath administered to talesmen, and if there is substantial compliance with the statute, it is sufficient.

Case cited and approved: Sharp v. Wilhite, 2 Humph., 434.

FROM JOHNSON.

Appeal in error from the Circuit Court of Johnson County.—ALONZO J. TYLER, Judge.

DONNELLY, BUTLER & DONNELLY, for Preston.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Plaintiff in error was indicted upon a charge of murder in the first degree in the circuit court of Johnson county, tried, convicted of that crime, and sentenced to be hanged, and now prosecutes an appeal in the nature of a writ of error to this court.

The chief assignment of error relied upon to reverse this judgment is the failure of the clerk to comply with all the formalities prescribed by statute in administering the oath to the talesman presented before examining them touching their qualifications as jurors. It appears from the record that the talesmen were sworn upon the Evangelists, by requiring them to kiss the Book. No objection was made to this omission at the time, but after twelve jurors had been elected and accepted without the exhaustion of the peremptory challenges the plaintiff in error moved to discharge the entire panel because of the failure of the clerk to require them to kiss the Book. This motion was overruled, the jury sworn, and the case proceeded with, with the result stated.

There was no objection at the time to the manner in which the oath was administered, and there was no motion to require the persons selected as jurors to be resworn and re-examined, and therefore, the record is not in a condition for the plaintiff in error to complain of it. But there is no merit in the contention. While in

such matters it is the duty of the officers to follow the forms prescribed by law, and they should always do so, yet mere formalities are not, in cases of this kind, essential to the validity of the act, and, if there is a substantial compliance with the statute, the oath is obligatory and binding, which is all that is required. This seems to be well settled.

In *Sharp* v. *Wilhite*, 2 Humph., 434, it is said that an oath administered substantially according to the prescribed form, will be valid, and, if taken falsely, the party will be guilty of perjury.

Mr. Wharton, in his work on Criminal Law (section 1251), says: "The fact that a person takes an oath in any particular form is a binding admission that he regards it as binding on his conscience, and a mere formal variation from the form of the statutory oath does not affect its obligatory character."

Mr. Bishop, in defining a corporal oath, says that it is so called because he toucheth with his hand some part of the Holy Scripture; and, further, that the form of administering an oath is not in law essential, and, even if a statute prescribes the uplifting of the hand, it will be good by laying the hand on the Gospels, because the statutory provision is simply directory. Bishop's New Criminal Law, section 1018.

In *People* v. *Cook*, 8 N. Y., 67, 59 Am. Dec., 451, it is said: "If a witness in taking the oath, by accident kisses a book not the Gospels, neither he nor the administering tribunal being aware of the mistake, the oath is still

binding." And in *Rex* v. *Haly,* 1 Crawf. & Dix, C. C., 199, it was held that "kissing the Book is not the essence of the oath and an indictment for administering an unlawful oath may be sustained where the Book was not kissed."

The facts fully sustain the verdict of the jury, and the judgment must be affirmed.