Hobbs v. State.

## WILLIAM HOBBS *v.* STATE.

*(Nashville.*    December Term, 1908.)

1. **CRIMINAL LAW.**  **Presumption that the jury were sworn in the absence of any contrary showing.**

    The mere failure or omission of the minute entry to recite or show that the trial jury in a criminal case were sworn, where nothing appears in the record of an affirmative character to the contrary, and where the objection is made for the first time on appeal, will not authorize a reversal; because in such case, it will be presumed that the jury were sworn, and by clerical omission the fact was not made a part of the minute entry.    *(Post, pp.* 414-416.)

    Cases cited and approved: Clark v. State, 8 Bax., 591; Robertson v. State, 4 Lea, 425.

2. **SAME.**  **Objection for failure to swear jury is waived by going to trial without objection.**

    An objection for failure to swear the jury must be made in the trial court to be available in the supreme court; for such failure is waived by going to trial without objection.    *(Post,* pp. 416-418.)

    Cases cited and approved: Looper v. Bell, 1 Head, 376; Preston v. State, 115 Tenn., 343; State v. Baldwin, 36 Kansas, 1; Baldwin v. Kansas, 129 U. S., 52; Smith v. State, 63 Ga., 168.

3. **SAME.**  **Objections to correctible irregularities must be made at proper time in trial court, or they are waived.**

    Objections going only to such irregularities as could have been easily corrected, upon calling the attention of the trial court thereto, must be made in the trial court; and, if not, they will be considered as waived by the supreme court.    *(Post, pp.* 418, 419.)

    Case cited and approved: Pearson v. State, at Nashville, December term, 1905.

    Case cited and overruled: Bass v. State, 6 Bax., 579.

FROM SEQUATCHIE.

Appeal in error from the Circuit Court of Sequatchie County.—BYRON POPE, Special Judge.

STEWART & STEWART, for Hobbs.

ATTORNEY-GENERAL CATES, for State.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This is an appeal from a judgment pronounced on the verdict of the jury, finding plaintiff in error guilty of selling intoxicating liquor without license. It is unnecessary to set out the evidence upon which the conviction rests. It is sufficient to say we are satisfied that the jury were warranted by the evidence in finding the plaintiff in error guilty of the offense charged within twelve months prior to the presentment in the case.

The ground, however, on which it is earnestly insisted a reversal should be had, is that the minute entry showing the arraignment, trial, and verdict failed to recite that the jury were sworn.

This objection is made for the first time in this court. If the fact was that the jury were not sworn, and this had been called to the attention of the court below,

there is no doubt a new trial would have been promptly granted. That this was not done raises at least a presumption that they were sworn, but by a clerical omission the fact was not made a part of the minute entry. In addition, the failure to swear the jury would have been so great a departure from orderly procedure that it is hardly possible for this at the time to have escaped the attention of the court and of counsel. This being so, with the presumption, which exists in this court, of the regularity of judicial proceedings of trial courts, nothing appearing in the record of an affirmative character to the contrary, we are satisfied that the omission pointed out does not authorize a reversal of this case.

The principle controlling in this case will be found illustrated in *Clark* v. *State,* 8 Baxt., 591, and *Robertson* v. *State,* 4 Lea, 425. In the first of these cases the prisoner had appealed from a death sentence upon a conviction for murder, and it was earnestly pressed upon the court as reversible error that the record failed to show that the officer in charge of the jury was duly sworn. Notwithstanding the established rule that the jury in a felony case, on retiring, must be in charge of a sworn officer, and if the record attempts to set out the form of the oath it must be stated correctly, yet it was held in that case, in the absence of a recital in the record, it would be presumed that the officer was sworn and that the proper oath was administered to him. In the course of the opinion it was said: "We have no evidence in this case that the officer was not sworn, and we

may safely rest the case upon the legal presumption in
favor of the regularity of judicial proceeding." In the
latter of these cases there was a conviction for voluntary
manslaughter, and it was insisted on appeal that the
case should be reversed, because, while the record show-
ed that the jury upon their retirement was placed in
charge of an officer properly sworn, yet it failed to
state that upon the next day they returned into court
in charge of that officer. To this insistence, however, the
court replied: "There is no error in this. It is not
necessary that the record should affirmatively show that
the officer did his duty. In the absence of anything to
the contrary, this will be presumed."

But it is not necessary to rest our conclusion in this
case upon a mere presumption. We place it upon the
stronger ground that the objection now urged was not
made in the court below, and it comes, therefore, too
late. Failing to present it at the proper time, we think,
both on reason and authority, that it was waived. In
the Encyclopedia of Pleading and Practice, vol. 12, p.
519, it is said: "Irregularity in the administration of
the oath to the jury, or in the form of the oath, may be
waived by going to trial without objection. When a
party desires to avail himself of irregularity in the ad-
ministration of the oath to the jury, the attention of
the court should be called to it at the time the oath is
taken, and he cannot sit by silently and take chances of
a favorable judgment, and subsequently have advantage
of objections to such irregularity."

Again, it is said in volume 2, on page 518, of the same work: "Where a party fails to object below to a proceeding, he is presumed on appeal to waive contention as to its validity."

The text of this work is abundantly supported by cases, both criminal and civil, found in reports of many States. In our own court, in the civil case of *Looper* v. *Bell,* 1 Head, 376, an objection was made to the manner in which the jury were sworn, and a reversal was asked on the ground of irregularity in this regard. The answer, however, was: "The defendant and his counsel were present when the jury were sworn, and did not then complain, and cannot now be heard in this court upon the question." The soundness of this rule was recognized in the case of *Preston* v. *State,* 115 Tenn., 343, 90 S. W., 856.

In *State* v. *Baldwin,* 36 Kan., 1, 12 Pac., 318, the minute entry did not set out the form of oath to be administered to the trial jury, as required by the statute of that State. On appeal, in answer to the insistence that this omission was fatal to the judgment of the lower court, in the course of its opinion, the supreme court said: "A still more conclusive answer on this point is that no objection was made to the form of oath when it was administered, or any time prior to its presentment in this court. If there was any irregularity in this respect, it should, and probably would, have been objected to at the time it occurred. It is quite unlikely that there was any departure from the form of oath so

121 Tenn—27

well understood, and which is in universal use in all
the courts of the State; but, if the form of the oath was
defective, the attention of the court should have been
called to it at the time the oath was taken, so that it
might have been corrected. A party cannot sit silently
by, and take the chances of acquittal, and, subsequently,
when convicted, make objections to an irregularity in
the form of the oath."

This case was subsequently taken by Baldwin, the
prisoner, by a writ of error to the supreme court of the
United States, where it was urged that the jurors were
not sworn according to the form of oath of Kansas, and
that the prisoner, in effect, had been tried by an un-
sworn jury, and that, therefore, the jury was not a
legally constituted tribunal, so that, if the judgment
of the supreme court of Kansas was permitted to stand,
the prisoner would be deprived of his life without due
process of law. On the hearing of the case, in an opin-
ion delivered by Blatchford, Justice, and reported under
the title of *Baldwin* v. *Kansas,* 129 U. S., 52, 9 Sup. Ct.,
193, 32 L. Ed., 640, the reasoning and holding of the
supreme court of Kansas on this question were approv-
ed. See, also, the case of *Smith* v. *State,* 63 Ga., 168.

Cases to the contrary may be found; but we are satis-
fied, upon examination, it will be seen that they rest
upon statutes peculiar to the States in which they origi-
nated. We have no statute in this State, called to our
attention, which requires us to reverse a cause, either

civil or criminal, where the merits have been reached, because of some irregularity, which would have been easily corrected upon the attention of the trial court being called to it, but presented for the first time on appeal. Objections going only to such irregularities must be made in the trial court, and, if not, they will be considered as waived by this court.

*Bass* v. *State,* 6 Baxt., 579, which seems to announce a contrary view, was overruled by this court at Nashville, December term, 1905, in the case of *Arthur Pearson* v. *State,* unreported, from Wayne county.

There is no error in the record, and the judgment of the circuit court is therefore affirmed.