SHELBY COUNTY *v.* D. A. FISHER.

(*Jackson.*   April Term, 1917.)

**TRIAL.   Request for instruction.   Burden of proof.**

The failure in a civil action to instruct the jury on the burden of proof cannot be assigned as error on appeal, when no request for such instruction was made, since the trial court would undoubtedly have supplied such an obvious omission if it had been called to his attention.

Cases cited and approved:  Wyatt v. Railway Co., 156 Cal., 170; Railway Co. v. Wright, 6 Ga. App., 173;  Schactele v. Bristor, 148 App. Div., 843.

FROM SHELBY

Appeal from the Circuit Court of Shelby County.— A. B. PITTMAN, Judge.

R. LEE BARTELS, for Shelby County.

WILSON & ARMSTRONG, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

May a failure to instruct the jury on the burden of proof in a civil action, be assigned as error on appeal when no request for such instruction was made?

The question must be answered in the negative. 38 Cyc., 1750, citing cases from nine States. And recent cases from other States are, *Wyatt* v. *Railway Co.,* 156 Cal., 170, 103 Pac., 892; *Railway Co.* v. *Wright,* 6 Ga. App., 173, 64 S. E., 703; *Schactele* v. *Bristor,* 148 App. Div., 843, 133 N. Y. Supp., 506. And see Branson on Instruction, section 96.

The task of a trial judge is at best an onerous one. His charge to the jury frequently must be formulated or prepared while the trial is in progress and amidst its distractions. It is to be supposed that he would have supplied such an obvious and unusual omission had his inadvertence been called to his attention by a request.

There being no merit in this and the other assignments of error, the judgment of the court of civil appeals is affirmed.