# W. J. HICKERSON *v.* THE STATE.

## (*Nashville.* December Term, 1918.)

1. **CRIMINAL LAW. Bill of exceptions. Time for filing.**

Where bill of exceptions in a criminal case was not signed and filed within sixty days after trial term, but at a subsequent term in which a new trial motion was heard, that part of bill relating to new trial motion was seasonably preserved, but portion relating to proceedings at trial will be stricken. (*Post, pp.* 503, 504.)

Case cited and approved: Dunn v. State, 127 Tenn., 267.

2. **CRIMINAL LAW. Review. Separation of jury. Burden of proof.**

A jury separation in a felony case, with possibility that a juror has been tampered with, renders verdict *prima-facie* void, and State has burden of making a satisfactory explanation. (*Post, pp.* 504, 505.)

3. **CRIMINAL LAW. Separation of jury. Prejudicial effect.**

Where a juror in a homicide case was permitted to return home on account of illness and death of his child, the explanation of an officer who attended him that he did not think juror talked to any one except his wife, that he did not think anything improper occurred, etc., *held* insufficient to show that no prejudice resulted to accused. (*Post, pp.* 504, 505.)

Case cited and approved: Sherman v. State, 125 Tenn., 19.

4. **CRIMINAL LAW. Separation of jury. Waiver by failure to object.**

In a homicide case accused did not waive his right to object to separation of the jury by failing to bring matter to court's attention during trial. (*Post, pp.* 505, 506.)

Cases cited and approved: Thomas v. State, 109 Tenn., 688; Preston v. State, 115 Tenn., 343; Hobbs v. State, 121 Tenn., 413; Long v. State, 132 Tenn., 649.

5. **CRIMINAL LAW. Appeal. Reversible error.**

Acts 1911, chapter 32, prohibiting reversal unless error affecting

result affirmatively appears, does not preclude reversal in a homicide case for separation of the jury, where proceedings at trial are not before the court, since statute applies only to cases where supreme court can consider merits of controversy. (*Post*, p. 506.)

Acts cited and construed: Acts 1911, ch. 32.

FROM WAYNE.

Error to the Circuit Court of Wayne County.—Hon. W. B. Turner, Judge.

John A. Greer and Sims & Turman, for plaintiff in error.

Wm. H. Swiggart Jr., Assistant Attorney-General, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiff in error was indicted for murder, convicted of involuntary manslaughter, and has appealed in error to this court.

A preliminary motion is made by the State to strike the bill of exceptions from the transcript. This motion must be granted as to that portion of the bill of exceptions containing the evidence heard upon the trial of the case. The bill of exceptions was not signed and filed at the trial term, nor within sixty days thereafter. And consequently so much of the bill of exceptions as contained proceedings at the trial term must go out. *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969.

A motion for a new trial was made, but the hearing of this motion was continued until a subsequent term, the bill of exceptions taken at that subsequent term

containing the proceedings herein at both terms.  That part of the bill of exceptions relating to proceedings on the hearing of the motion for a new trial was, however, seasonably preserved, and to this we may look. *Dunn* v. *State,* supra.

On motion for a new trial it was made to appear that during the hearing of the case one of the jurors received tidings that his child was quite sick.  The trial was suspended, and the juror excused temporarily by the court and sent to his home in charge of an officer. The child died.  The juror remained at his home a portion of two days and one night.  The officer was at the juror's home likewise, but the latter was permitted to spend a portion of the night in the room with his wife, the two being alone, and the next day the juror and his wife rode together to the child's funeral, and at the funeral another woman was seen to talk to the juror out of the officer's hearing, and it appears that on the way to the graveyard, and at that place, the juror was permitted to move around at some distance from the officer so that others might talk with him out of the officer's hearing.

Concerning these things the officer testified that he had received instructions from the court as to the custody of the juror, and the officer said he did not think anything improper occurred, and that he did not think anybody except the juror's wife talked with the latter. It is well settled in Tennessee that the separation of the jury in a felony case, and the possibility that a juror has been tampered with and received other impressions than those derived from the testimony in court, renders the verdict *prima facie* vicious.  The

separation may be explained and it may be shown by the State that the separated juror had no communication with others, and that, if said communications were had, they did not relate to the case on trial. The burden is upon the State, however, to make a satisfactory explanation. *Sherman* v. *State,* 125 Tenn., 19, 140 S. W., 209, and cases therein reviewed.

It is obvious that the officer in charge of the separated juror in this case made no satisfactory explanation of the matters heretofore mentioned. The officer was not positive about any of his statements, and the statements made were insufficient.

It is insisted for the State that this error is not available to the plaintiff in error here, because it does not appear from the affidavit filed in support of the motion for a new trial that plaintiff in error was ignorant of the juror's conduct during the further progress of the trial below. It is insisted that the defendant below, if not ignorant thereof, should have called the attention of the court to the actions of this juror immediately upon the. juror's return from the funeral, and at that time procured the entry of a mistrial and saved further proceedings. For this proposition the State refers to *Thomas* v. *State,* 109 Tenn., 688, 75 S. W., 1025. This case, and *Preston* v. *State,* 115 Tenn., 343, 90 S. W., 856, 5 Ann. Cas., 722, *Hobbs* v. *State,* 121 Tenn., 413, 118 S. W., 262, 17 Ann. Cas., 177, and others that might be mentioned, hold that it is generally the duty of a defendant to promptly call the court's attention to any impropriety occurring during the progress of a trial, and that a defendant will not be allowed to remain silent and experiment with the court and

bring up such a matter for the first time after the trial is ended adversely to such defendant.

All of these cases proceed on the idea of waiver. It has been held, however, in *Long* v. *State,* 132 Tenn., 649, 179 S. W., 315, that a defendant may not, in a felony case, agree to the separation of the jury.

Nor do we think chapter 32 of the Acts of 1911 can be applied here. The act of 1911 is to be invoked only where this court can look to the merits of the controversy. Where the whole case is before us and we can see that the merits have been reached, there will be no reversal for errors not affecting the merits.

Upon this hearing, however, we are prevented by the motion of the State, first above referred to and granted, from considering the merits of this case. The bill of exceptions containing the evidence heard upon the trial goes out. The State submits this case on technical grounds. It is always permissible to meet a technicality with a technicality, and under the holding in *Long* v. *State,* supra, the separation of the jury cannot be referred to as a technical error.

It results that the motion of the State to strike is sustained as to that portion of the bill of exceptions relating to the proceedings at the trial of this case, and the costs of incorporating such matters in the transcript will be taxed to plaintiff in error. For the reasons above indicated, however, the case must be reversed and remanded for a new trial.