DR. J. R. HAMILTON, Plaintiff in Error, v. MARSHALL B. CARTER, Defendant in Error.

Middle Section. November 7, 1931.

Petition for Certiorari denied by Supreme Court, March 26, 1932.

Cate & Cate, of Nashville, for plaintiff in error, Dr. Hamilton.

Charles Embry, Jack Norman and Wm. M. Martin, of Nashville, for defendant in error, Carter.

CROWNOVER, J. This was an action for damages for personal injuries and for injury to automobile as the result of an automobile collision.

The defendant pleaded not guilty.

The case was tried by the judge and a jury. At the conclusion of the evidence the defendant moved for a directed verdict, which motion was overruled by the court. The jury returned a verdict of $3000 in favor of the plaintiff, Carter. Defendant's motion for a new trial having been overruled, he was appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in failing and refusing to grant the defendant a new trial because of the failure of the court to charge the jury as to the preponderance of the evidence in the cause and as to the weight to be given to the testimony of the witnesses.

(2) The verdict was so excessive as to indicate passion, prejudice and caprice on the part of the jury.

(3) The trial court erred in failing and refusing to grant defendant a new trial because the jury made no reduction in its verdict for any remote or proximate contributory negligence on the part of the plaintiff.

On the trial of the case there was conflicting evidence on the questions of whose car ran into the other and whether Dr. Hamilton signalled his intention to turn to his left.

The testimony for the plaintiff was that the plaintiff, Marshall Carter, a negro, was driving a Ford roadster, going north on Hermitage Avenue. The defendant, Dr. Hamilton, was driving a Chevrolet coupe, going south on Hermitage Avenue. When Carter reached a point about 100 to 150 feet south of the intersection of Nance Street he saw Dr. Hamilton's car approaching, about 200 to 250 feet away. Dr. Hamilton's car was about 100 to 150 feet north of said intersection. Carter was driving at a rate of eighteen to twenty miles an hour, Dr. Hamilton about thirty miles an hour. Hermitage Avenue is about forty feet wide and Nance Street 105. When Carter was about six or seven feet from the north east corner of the intersection, Dr. Hamilton, without giving any signal or warning, suddenly turned directly to his left toward the entrance to Nance Street, without turning around the center of the intersection, and struck Carter's car. When Carter saw Dr. Hamil-

ton turn he put on his brakes, but his car traveled about six feet before he could stop it and the right front fender of Dr. Hamilton's car struck the left front half of Carter's car. Carter's car was knocked by the blow into a telephone post on the edge of the sidewalk at the northeast corner and the whole front end of his car was caved in.

Defendant Dr. Hamilton's testimony was that he was traveling between fifteen and twenty miles an hour, held out his hand when he started to turn, and he testified:

"I thought I looked up the street, and didn't see anybody at all coming from over the little hill, around the curve, and then I looked to the left into the mouth of Nance Street, and when I had gotten I would say within five feet of the left side of Hermitage, why I heard brakes on a car to my right screeching and about the same moment, about the same instant, Dr. Dozier hollered to look out, and I looked and this other car was coming right straight at me, and of course I stopped as quick as I could and he swerved to' the right, tried to miss me, but the left corner of or front of his car hit the right corner or front of mine."

On cross-examination he says he did not see Carter's car until he was within twenty or twenty-five feet of it, although he says he might have had an unobstructed view of Hermitage Avenue for a distance of 300 feet ahead. He does not deny the statement of Carter that he turned without coming up to the center of the intersection, nor does he deny that the collision occurred about seven feet from the telephone post on the corner, which was on the wrong side of the street for Dr. Hamilton.

It appears that on Nance Street there are two driveways with gravel in between; that either driveway may be used in coming or going; that Dr. Hamilton was turning into the first of these driveways, sharply cutting off the corner and not coming up to the center of the intersection and entering the driveway on the right hand side of it.

It is evident that the defendant did not look up Hermitage Avenue when he turned or while he was crossing it, and did not see the plaintiff's car until just before the impact when it was too late to avoid it.

The jury evidently took the view that Dr. Hamilton, without looking up the street, or giving any warning, or making a correct turn, turned to his left and drove into Carter's car.

Upon the foregoing facts the question of negligence was for the jury. 1 Blashfield Cyc. of Automobile Law, 489, sec. 18.

1. In charging the jury in this case the judge said:

"Where a plea of not guilty is entered, the burden of proof is cast on the plaintiff, and the plaintiff must make out his case

by a preponderance of all the evidence in the case. It is not necessary for me to charge you as to the preponderance of the evidence and as to the weight that you will give to the testimony of the witnesses, in view of the fact that I have been charging you this now for some time, and unless counsel specially request it, I will not do it.''

Defendant's attorney, in his affidavit filed with the motion for a new trial, stated that when the judge made this statement in the course of his charge, he, said attorney, ''neither by word of mouth, nodding of head nor in any other manner assented or dissented to or from the aforesaid action of the trial judge.''

But there are several affidavits to the contrary, that he expressly waived it, and there is no statement that the record contained all the evidence on the motion for a new trial. This was necessary. Taylor v. Robertson, Admr., 12 Tenn. App., 320. The finding of the trial judge is conclusive if there is any evidence to support it. Raine v. State, 143 Tenn., 172 (syl. 15), 226 S. W., 189.

The action of the trial judge is now assigned as error by defendant, who now insists that the court should have specifically charged the jury on the preponderance and weight of the evidence without special requests. But we think that his express assent or even silence waived any error that may have been committed in this respect.

''The rule is well settled that when the charge upon any point is meager, but good so far as it goes, it will not be reversible error, unless the party injuriously affected requests further instructions. Sutherland v. Shelton, 12 Heis., 374; Mayor v. Bell, 12 Lea, 161; Maxwell v. Hill, 5 Pickle, 585; Telephone Co. v. Poston, 10 Pickle, 696. It is equally well settled that when no charge whatever is given upon a vital question or issue in the case, it is reversible error. Thompson on Trials, sec. 1472; Knight v. Egerton, 7 Exch., 407; Foster v. Collins, 6 Heis., 2; Macriner v. Smith, 7 Bax., 424; Allen v. The State, 5 Yerg., 453. A charge in a suit for damages for personal injuries which omits entirely the subject of damages, and makes no allusion to it, is virtually no charge upon which a verdict and judgment can be based.'' Citizens' Street Ry. Co. v. Burke, 98 Tenn., 648-50, 40 S. W., 1085.

But in the case of Slattery v. Lea, 11 Lea (79 Tenn.), 10, the Supreme Court said that it was the duty of the plaintiff to object. ''For otherwise his conduct would operate as a fraud upon the court. A judge may well narrow the matters submitted to the jury in accordance with the express or fairly implied concessions of the parties, so as to lighten the labor of the jury, and hasten the dispatch of business. Hayes v. Cheatham, 6 Lea, 1; McColgan v. Langford, 6 Lea, 108; Manlove v. Searight, 8 Lea, 94.''

"The failure in a civil action to instruct the jury on the burden of proof cannot be assigned as error on appeal, when no request for such instruction was made, since the trial court would undoubtedly have supplied such an obvious omission if it had been called to his attention." Shelby County v. Fisher, 137 Tenn., 507, 194 S. W., 576.

Objection for failure to swear jury is waived by going to trial without objection. Hobbs v. State, 121 Tenn., 413, 118 S. W., 262, citing and approving Looper v. Bell, 1 Head, 376, and Preston v. State, 115 Tenn., 343, 90 S. W., 856.

In the case of Looper v. Bell, the court said: "The defendant and his counsel were present when the jury was sworn, and did not then complain, and cannot now be heard in this court upon the question."

Where the court erroneously charges the jury as to the measure of damages, stating that the plaintiff may recover for pain and suffering, when in fact the proof shows that there was no pain or suffering, the Supreme Court held that where counsel sat by and raised no objection, this was mere inadvertence of the court and not reversible error. See Carney v. Cook, 158 Tenn., 333, 13 S. W. (2d), 322.

"Mere omission in the court's charge is not reversible error in a civil case where no request for proper and accurate instructions was made in the court below. Mere meagerness of the charge is not ground for reversal when no request for additional instructions was made. Railroad v. Wynn, 88 Tenn., 332, 13 S. W., 311; Maxwell v. Hill, 89 Tenn., 594, 15 S. W., 253; Railroad v. Acuff, 92 Tenn., 33, 20 S. W., 348; Willcox v. Hines, 100 Tenn., 537, 45 S. W., 781; Haley v. Ogilvie, 2 Tenn. App., 607." Coal & Lumber Co. v. Cravens, 8 Tenn. App., 419.

"Omission to give an instruction on preponderance of evidence is not a ground for reversal, in the absence of a request for such instruction." 38 Cyc., 1750-1.

"Though a court affirmatively fails to set out the theory of a party correctly, this is not error unless it is called to the attention of this court by a special instruction correctly setting out the theory sought to have charged. Hosiery Company v. Napper, 124 Tenn., 155." Montesi v. Patton, 10 Tenn. App., 455.

Hence we hold that the failure of the trial judge to charge the jury on the weight and preponderance of the evidence, in the absence of requests for further instructions, is not reversible error, where counsel was present and made no objections at the time. 4 C. J., 717.

It will be observed that plaintiff in error does not assign as error that there is no evidence to support the verdict or that the jury was

in error in holding that he had been guilty of negligence, and makes no contention here that he was not guilty of negligence; hence the assignments really raised an immaterial proposition, and must be overruled.

2. We are of the opinion that the verdict was not excessive. The proof shows that plaintiff had a knee cap fractured, as a result of which he has thirty-five to fifty per cent permanent disability; that he is unable to stand or walk for an appreciable length of time, or to do heavy work. He was in the hospital almost five weeks and in bed at his home above six weeks, had to use crutches for two weeks after he got out of bed and now has to use a cane or walking stick. That leg is smaller than the other and pains him practically all the time. His hospital bill was $100; his doctor's bill $350; and the repairs of his automobile $128. He was thirty-two years old and operated a billiard parlor.

Where a man is seriously injured and a jury has passed upon his injuries and assessed his damages, approved by the trial judge, this court should be slow to disturb the verdict, in the absence of passion, prejudice, or caprice. Power Packing Co. v. Borum, 8 Tenn. App., 162; Grace v. Curley, 3 Tenn. App., 10.

3. The third assignment, that the jury made no reduction in its verdict for remote or proximate contributory negligence on the part of the plaintiff, seems to have been abandoned, or rather not pressed, and we see no merit in it. The jury was instructed on contributory negligence and passed upon the question.

All the assignments of errors having been overruled, the judgment of the lower court must be affirmed. A judgment for $3000 and interest from April 16, 1931, will be entered in favor of the plaintiff below, Marshall B. Carter, and against Dr. J. R. Hamilton. The cost of the cause including the cost of the appeal is adjudged against Dr. Hamilton and the sureties on his appeal bond. Executions will issue accordingly.

Faw, P. J., and DeWitt, J., concur.