IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2001

**THOMAS A. STREET v. HOWARD CARLTON, WARDEN,
and STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Johnson County**
**No. 3613     Lynn W. Brown, Judge**

---

**No. E2001-00998-CCA-R3-CO**
**January 8, 2002**

---

The petitioner was convicted of first degree murder for a killing that occurred in 1985, and was unsuccessful both in a direct appeal of his conviction and a petition for post-conviction relief. Subsequently, he filed a petition for writ of habeas corpus, the denial of which is the basis for this appeal. In that petition, he claimed, as he had in his earlier petition for post-conviction relief, that his conviction should be reversed because the jurors were allowed to separate during the trial. Based upon our review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Thomas A. Street, Northeast Correctional Complex, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Patricia C. Kussmann, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Thomas A. Street, was convicted in the Morgan County Criminal Court of first degree murder and sentenced to life in prison. The conviction and sentence were affirmed on direct appeal by this court. See State v. Street, 768 S.W.2d 703 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1988). In a subsequent petition for post-conviction relief, he argued that the conviction should be reversed because of an alleged erroneous instruction as to premeditation and because some members of the jury were allowed to attend a "singing" during the trial. This court affirmed the post-conviction court's dismissal of the petition. See State v. Thomas A. Street, No. 03C01-9309-CR-00329, 1994 Tenn. Crim. App. LEXIS 611 (Tenn. Crim. App. Sept. 26, 1994).

The petitioner has again complained as to the separation of the jurors, this time in a petition for writ of habeas corpus, arguing that the judgment of conviction is "prima facie void" because some of the jurors were allowed to separate to attend the "singing."

## ANALYSIS

### Standard of Review

Since we are determining a question of law in reviewing the post-conviction court's ruling on the petition for writ of habeas corpus, we review the matter *de novo* with no presumption of correctness. Jackie W. McLaney v. Ricky Bell, Warden, No. M1998-00187-SC-R11-PC, 2001 Tenn. LEXIS 764, at *4 (Tenn. Oct. 30, 2001) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Our determination is whether the judgment is "void," as the petitioner asserts, and not merely "voidable." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

## DISCUSSION

The statute in effect at the time of the petitioner's trial regarding juror separation provided as follows:

> In all criminal prosecutions except those in which a death sentence may be rendered, the judge of the criminal court may, in his discretion, with the consent of the defendant, and with the consent of the district attorney general, permit the jurors to separate at times when they are not engaged upon the actual trial or deliberation of the case.

Tenn. Code Ann. § 40-18-116 (1982).

The prohibition against separation of jurors is to prevent outside influences, but keeping jurors together as a unit during a trial and deliberations is difficult to achieve, if taken literally. As explained by our supreme court in State v. Bondurant, 4 S.W.3d 662, 671-72 (Tenn. 1999):

> Initially we note that at common law, the sequestration rule required that jurors be physically kept together within the presence of each other without food, drink, fire or light until a verdict was agreed upon. Gonzales v. State, 593 S.W.2d 288, 292 (Tenn. 1980); Annotation, Separation of Jury in Criminal Case, 34 A.L.R. 1115, 1117 (1925). The common law rule has been greatly relaxed, and currently, sequestration is a creature of statute. Mary Strauss, Sequestration, 24 Am.J.Crim. L. 63, 70 (Fall 1996). Moreover, under modern law, the test of keeping a jury "together" is not a literal one, requiring each juror to be at all times in the presence of all others.

The practical needs of personal hygiene and separate rooms for sleeping, if nothing else, preclude such a literal application. The real test is whether a juror passes from the attendance and control of the court officer. State v. Bartlett, 137 Vt. 400, 407 A.2d 163, 166 (1979).

Although the sequestration rule is no longer literally applied, the purpose of the rule–to preserve a defendant's right to a fair trial and impartial jury by protecting jurors from outside influences so that the verdict will be based only upon evidence developed at trial–is perhaps more important in the modern age, considering the pervasiveness of media coverage and publicity. 23A C.J.S. Criminal Law § 1363(a) (1989). Many years ago, this Court emphasized that "[t]oo much strictness cannot be used to keep a jury charged with the life or liberty of a citizen, from mingling with the community during their deliberations, and this the more especially where there is any excitement for or against the prisoner." Cochran v. State, 26 Tenn. (7 Hum.) 544, 547 (1847).

Our supreme court explained, in State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000), the limited range of habeas corpus relief in Tennessee:

Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law. Rather, the writ of habeas corpus will issue in Tennessee "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." [Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)] (quoting Galloway, 45 Tenn. (5 Cold.) at 336-37).

For his argument that the separation of jurors resulted in a void judgment, the petitioner relies upon the holding of our supreme court in Hickerson v. State, 141 Tenn. 502, 213 S.W. 917, 918 (1919), considering the direct appeal of a conviction:

It is well settled in Tennessee that the separation of the jury in a felony case, and the possibility that a juror has been tampered with and received other impressions than those derived from the testimony in court, renders the verdict prima facie vicious. The separation may be explained and it may be shown by the state that the separated juror

-3-

had no communication with others, and that, if said communications were had, they did not relate to the case on trial. The burden is upon the state, however, to make a satisfactory explanation. <u>Sherman v. State</u>, 125 Tenn. 19, 140 S.W. 209, and cases therein reviewed.

In his reply brief, the petitioner argues that "vicious" means void and not merely voidable. A void, as opposed to a voidable, judgment has been defined by our supreme court as "one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." <u>Dykes v. Compton</u>, 978 S.W.2d 528, 529 (Tenn. 1998); <u>see also</u> <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999); <u>Jerrel Livingston v. James M. Dukes, Warden</u>, No. W2000-00840-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 644, at *4 (Tenn. Crim. App. Aug. 22, 2000). Applying the petitioner's argument to the holding in <u>Hickerson</u>, we would establish the principle that a judgment which is void because of juror separation is nonetheless upheld on appeal because of a sufficient showing by the State that, during the period of separation, the jurors either received no outside communication, or, if so, it did not relate to the trial. It is axomatic that such a judgment could only be voidable, and not void, as the petitioner asserts.

It is clear that, in Tennessee, allowing jurors to separate during a trial can result in a voidable judgment. The petitioner's avenue to air his complaint was through a petition for post-conviction relief, which he has already utilized unsuccessfully.

## <u>CONCLUSION</u>

Based upon the foregoing reasoning and authorities, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE

-4-