Warfield *v.* Railroad and Harrington *v.* Railroad.

WARFIELD *v.* RAILROAD

AND

HARRINGTON *v.* RAILROAD.

(*Nashville.* January 27, 1900.)

1. COMMON CARRIER. *Ejection of passenger.*

A passenger on a railway train who has paid his own fare, may, nevertheless, be lawfully ejected, with a child of tender years traveling under his custody and control, for refusal to pay the latter's fare. It makes no difference that the passenger is himself a minor. (*Post, p. 75–79.*)

Cases cited: 62 Md., 300; 30 Fed. Rep., 904; 86 Ill., 296.

2. CHARGE OF COURT. *Additional instructions.*

If the Court's charge is correct, but meager, a party desiring more specific or elaborate instructions must demand them. (*Post, pp. 77, 78.*)

Case cited and approved: Tel. Co. *v.* Poston, 94 Tenn., 696.

3. SAME. *As to burden of proof.*

There is no reversible error in a charge of the Court, which, when taken in connection with special requests given, means no more than that the plaintiff must establish, by a preponderance of proof, all material facts necessary to sustain his case. (*Post, p. 79.*)

4. EVIDENCE. *In support of character of witness.*

A witness may be sustained by evidence of good general reputation, who has been assailed in a severe and searching cross-examination by questions which, in their substance and man-

ner of asking, were calculated to impeach his veracity and cast doubt upon his truthfulness. (*Post, p. 79.*)

Case cited: Richmond *v.* Richmond, 10 Yer., 343.

---

FROM DAVIDSON.

---

Appeal in error from Circuit Court of Davidson County. J. W. CHILDRESS, J.

G. W. SYPERT and J. B. DANIEL for Plaintiffs.

SMITH & MADDIN for Railroads.

WILKES, J. These actions were for unlawfully ejecting the plaintiffs from the cars of defendant road.

They were tried together in the Court below and in this Court, and there was verdict and judgment in each case in the trial Court for the railroad, and the plaintiffs have appealed and assigned errors. The facts, so far as necessary to be stated, are that plaintiff, Willie, is a negro girl some fifteen to seventeen years of age, and plaintiff, Mary, is also a negro girl about seven years of age.

They started from Nashville together to go to Saint Bethlehem, by way of Guthrie. The girls were accompanied to the station by the mother of the plaintiff, Mary, who, it appears, bought a

ticket to St. Bethlehem for the older girl, and gave to her some money to pay the fare of the younger one, who had no ticket. When they attempted to get on the cars at Linck's Station, in Nashville, the conductor asked for their tickets. Mary's mother stated to him that the younger girl had no ticket, but had money to pay her fare, and the older girl stated that she had the money to pay the fare of the younger one. Upon their statements they were allowed to enter the cars. Soon after the car left the station the conductor asked for the fare of the younger girl. The elder one gave him all the money she had, and upon counting it the conductor found that there were only thirty-seven cents. He told her that half fare to Guthrie was seventy-five cents, and she must either pay that or both must get off at East Nashville. They were not ejected otherwise than by this statement of the conductor, but in obedience to it both left the car at the East Nashville shops, a point within the city limits near a street car line, and a number of residences. They went to the house of a negro near by, and he carried them back to the home of the Harrington girl, which they reached by 11 o'clock in the morning. Three days later, having in the meantime bought a ticket for the younger one, both girls went over the road to their destination, under the same conductor as had the train in charge on the first occasion.

The older girl was the aunt of the younger, and the latter was going to visit this aunt, who lived at Saint Bethlehem. The older girl had some money to pay the fare of the younger, and did all the talking to the conductor. The younger had no money or ticket, and said nothing to the conductor. The older girl offered both her ticket and the money she had for the younger girl to the conductor, who declined to receive either. He was not present when they left the car, being engaged at another point on the train. There is some conflict of testimony as to the amount of money the older girl offered for the passage of the younger one, but the weight of the evidence is that she only had half enough to carry her to Guthrie, which was the end of the conductor's run. The jury, having passed upon the facts, it is evident that they found that the younger girl was in the custody of the older, and that the latter had only half enough money to pay her fare to Guthrie.

Several errors are assigned, but the real question of controversy in the case is whether the conductor had a right to put both girls off the train, because the younger one failed to pay her fare and it was not paid for her. The Court charged the jury that they must determine whether the younger child was in charge and control of the older, and if so, and she failed to pay her fare, both might be ejected, and that the jury

must determine how the facts were. It is said that the Court should more specifically have defined what was meant by charge and control, in view of the facts of the case. We think the charge quite clear, and it could hardly have been aided by further statements, but if so, then additional instructions should have been asked upon the point. *Cumberland Telephone Co.* v. *Poston,* 10 Pick., 696. As to the proposition of law involved, we are of the opinion that the trial Judge was correct. .

In Ray on Negligence of Passenger Carriers, p. 187, it is said: "The failure to pay the fare of a child under the care of a passenger will authorize the expulsion of the passenger." Citing *Philadelphia W. & B. R. R.* v. *Hoefleich,* 62 Md., 300; *Gibson* v. *E. T. R. R.,* 30 Fed. Rep., 904.

Hutchinson on Carriers, Sec. 567*c,* says: "A person traveling with a child in his custody is liable for the payment of the child's fare, and he may be ejected with the child when he refuses to pay the fare of the latter." Citing *Pittsburg R. R. Co.* v. *Duvin,* 86 Ill., 296. The reason of the rule is apparent. The road is not required to carry the child unless its fare is paid, but it would be contrary to sound policy to expel the child and leave it alone.

If the passenger brings it aboard or has it in his custody, he becomes responsible for its fare,

and the law implies a contract that he will pay it, and look after and protect the child.

It is said it was error to allow evidence to sustain the general character of the witness, Corbett, the conductor on the train. This witness was assailed in a severe and searching cross-examination by questions which, in their substance and manner of asking, were calculated to impeach his veracity and question his truthfulness. Under such circumstances it was proper to allow evidence to sustain his character. *Richmond* v. *Richmond*, 10 Yer., 343–5.

The insistence of the counsel for plaintiffs that the older girl could not be ejected for failing to pay the younger one's fare, unless she had expressly bound herself to become responsible therefor, is not well taken. If the older one has the younger one in her charge and control, she is by law responsible for its fare, or liable to be ejected with the younger one for failure to pay the same, and it does not change the rule if both parties are minors.

It is said that it was error to charge that the burden of proof was upon the plaintiffs to establish by a preponderance of the evidence every allegation contained in this cause. We concede that this language is too broad, but are of the opinion that the jury construed it to mean that the plaintiffs must make out by proof every allegation necessary to establish their case.

The defendant afterward asked the Court to charge that the burden of proof was on the plaintiffs to esablish by a preponderance of evidence all material facts necessary to sustain their case, and among them is the question whether or not Willie Warfield tendered sufficient money to pay the little girl's fare to Guthrie, and this was given.

We think that, taking these charges together, the jury could not have been misled, and that the latter lays down a correct rule of law. Upon the whole record we have not been able to find any reversible error, and the judgment of the Court below is affirmed with costs.