FORT WORTH & DENVER CITY RAILWAY COMPANY V. N. A. GRIBBLE.

Decided April 10, 1907.

**1.—Carrier of Passengers—Refusal to Pay Fare—Ejection of Mother and Child.**

Where the mother of a child, the latter being of paying age, refused to pay fare for her child the conductor of a passenger train has the right to require the mother as well as the child to leave the train.

**2.—Same—Trespasser—Degree of Care.**

A mother who refuses to pay fare for her minor child upon a passenger train does not occupy the position of a passenger, and hence the carrier and its employees are not bound to exercise that high degree of care towards her as towards a passenger.

**3.—Trespasser—Alighting from Train—Contributory Negligence.**

In a suit by a trespasser for personal injuries received while alighting from a passenger train, charge considered, and held insufficient in presenting the issue of contributory negligence.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Spoonts, Thompson & Barwise,* for appellant.—Since the appellee had her minor boy under her care and custody she became legally responsible for the payment of his fare, and not having provided a ticket for such boy, and having on application of the conductor peremptorily refused to pay his fare, the appellant's remedy of ejection applied to her just as it did to the boy, and she, as well as the boy, was rightfully ejected from the train. Sayles Rev. Stats., art. 4542; Hutchinson on Carriers, sec. 567c; 1 Fetter on Carriers, sec. 313, p. 784; Moore on Carriers, sec. 1, p. 731; Philadelphia, W. & B. Ry. Co. v. Hoeflich, 62 Md., 300; (18 Am. & Eng. Ry. Cases, 374; 50 Am. Rep., 223); Warfield v. L. & N. Ry. Co., 55 S. W. Rep., 304; Braun v. Northern Pac. Ry. Co., 79 Minn., 404.

One entering a railroad car without a ticket entitling him to ride, having no intent or purpose to pay fare when demanded, having no money with which to pay the fare, and who refuses on demand to pay such fare, is not a passenger and may, on refusal to pay fare, be treated as a trespasser and be ejected from the train. Under these conditions the carrier does not owe to such person the exercise of that high degree of care and prudence which would be exercised by very cautious persons. Such being the situation of the appellee, because of the nonpayment of the fare of her boy, it was clearly erroneous for the trial court to instruct the jury, as it did, that in the ejectment of the appellee the appellant owed to her that high degree of care which a very cautious person would have exercised under the same circumstances. Texas & P. Ry. Co. v. Casey, 52 Texas, 112; Missouri K. & T. Ry Co. v. Williams, 91 Texas, 255; Houston & T. C. R. R. Co. v. Grigsby, 13 Texas Civ. App., 643, and authorities therein cited; Texas & P. Ry. Co. v. Lyons, 50 S. W. Rep., 161; Condron v. Chicago M. & S. T. Ry. Co., 67 Fed. Rep., 523; Gallena v. Hot Springs Ry. Co., 13 Fed. Rep., 116; Hutchinson on Carriers, sec. 555 and sec. 553; 6 Cyc. p. 500c and 563; Stone v. C. & N. W. Ry. Co., 47 Iowa, 82,

(29 Am. Rep., 458) ; State v. Overton, 24 N. J. Law, 435, (61 Am. Decisions, 671) ; Houston & T. C. v. Cohn, 22 Texas Civ. App, 11.

The defense outlined in the special charges made the basis of the assignment of error was clearly raised by both appellant's pleading and proof. Such defense was not affirmatively or otherwise submitted to the jury by the court, and it is consequently reversible error for the court to have declined to give special charges referred to, or some other proper charges submitting this defense to the jury. Logan v. Meade (not yet reported) ; Texas & P. Ry. Co. v. Dawson, 9 Texas Ct. Rep., 63 ; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635 ; Texas & Pac. Ry. Co. v. Stribling, 34 S. W. Rep., 1003 ; Harris v. Harwell, 6 Texas Ct. Rep., 518 ; Missouri, K. & T. Ry. Co. v. Carter, 95 Texas, 461 ; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510 ; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 58 ; Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413.

*C. F. Greenwood, B. P. Ayres* and *B. D. Tarlton,* for appellee.— The first paragraph of the court's charge was responsive to the defendant's pleading and to the testimony of the conductor in support thereof. As under this testimony the plaintiff had her ticket with stopover privilege at Quanah, she was entitled to be protected as a passenger, and if, on account of her refusal to pay fare of her child, the defendant was entitled to remove or eject her, the law, on account of her relation as a passenger, exacted of the defendant in effecting such removal the exercise of that degree of care which a carrier owes to a passenger, viz.; such high degree of care and caution for plaintiff's safety as a very cautious and prudent person similarly situated would have exercised under the same or similar circumstances. International & G. N. Ry. Co. v. Welch, 86 Texas, 203 ; Gulf, C. & S. F. Ry. v. Higby, 26 S. W. Rep., 737.

The court did not err in refusing special charge number six requested by defendant, because:

(a) The first proposition therein is embodied substantially in the first paragraph of the court's charge.

(b) The second proposition therein is embodied substantially in the court's general charge.

(c) The third proposition therein does not present the law as applicable to the facts pleaded and sought to be proved by the defendant.

(d) The third proposition therein does not present the law applicable in any event to the defendant's right to eject the plaintiff, on the ground of her failure to pay the child's fare, in this: That such right of ejectment would not even then arise unless the defendant should return to her the unused value of her ticket or should return her ticket with stopover privilege—a qualification not contained nor suggested in the requested instruction. Lake Shore & M. S. Ry. v. Orndorff, 38 L. R. A., 140.

Special charge six was properly refused because misleading and argumentative in this, that it recognized the right of ejectment, without reference to the time, place, or manner thereof, which to a great extent constitutes the gravamen of the plaintiff's complaint and the contro-

verted issue in the case. Gulf, C. & S. F. Ry. Co. v. Harriet, 80 Texas, 73.

Under the evidence in this case one of two conditions exclusively existed, with regard to the leaving of the train by the plaintiff, viz: First, either she was ordered and ejected by the affirmative and intentional wrong of the defendant's employees as stated in her pleadings and disclosed by the testimony of herself and her son; or second, she left the train voluntarily and without the knowledge and consent of defendant's employees. In the former event, as she left under the orders and coercion of said employees, the issue of contributory negligence in the manner of her obeying such order did not arise; in the second event, the rights of the defendant were fully protected by the fifth paragraph of the main charge, which properly applied the law to the facts of the case as disclosed by the defendant's evidence. 2 Wood Ry. Law, 1258; Galveston, H. & S. A. Ry. v. Zantzinger, 92 Texas, 365.

SPEER, ASSOCIATE JUSTICE.—Appellee, as plaintiff below, recovered judgment against appellant for the sum of twenty-five hundred dollars as damages for being wrongfully ejected from one of its passenger trains, from which judgment appellant has perfected this appeal.

Briefly stated, the issues in this case grow out of the fact that appellee in company with her little son, who was nine years of age, boarded appellant's passenger train at Channing, expecting to take passage to Fort Worth and thence to Hillsboro. She purchased a ticket for herself, but provided none for the little boy, although she admits that she knew he was of such age as to require the payment of fare. The conductor, it seems, on appellant's first division, that is, from Channing to Childress, passed appellee and raised no question of the child's right to ride free, but when she reached Childress the conductor on that division called for a ticket or fare for the child, and upon being told by appellee that she had no ticket and that she had no money with which to pay his fare, informed her that he could not ride free and that she would have to take him from the train at Quanah, the next station. Appellee's version of what followed is that upon reaching the water tank at Quanah, some one hundred and fifty yards or more from the station, she and her little boy were forcibly ejected by appellant's conductor and brakeman, and in alighting in the dark she stepped upon an object which she took to be the stool placed there for her to step on, but which in reality was an old grip containing her wearing apparel, and fell, receiving painful injuries. Appellant, through its witnesses, denies this and asserts that she left the train at that particular place without the knowledge or consent of the conductor and brakeman.

Appellee alleged not only that her ejectment was wrongful, she being a passenger, but that appellant was negligent in the matters of the time, place and manner of forcing her to leave its train, and appellant replies generally that she herself was guilty of negligence proximately contributing to her injuries.

Upon the vital issue of appellant's right to eject appellee and its corresponding duty toward her, the court instructed the jury as follows:

"Under the law the conductor in charge of the train upon which

plaintiff and her son were riding on the occasion in controversy had the right to require a ticket or fare of plaintiff to carry her minor son on said train to Fort Worth; and when plaintiff refused to furnish such ticket or the necessary fare, said conductor had the right to require plaintiff to remove her said son from the said train; but in so doing said conductor and the brakeman assisting him, if any, owed the duty to exercise that high degree of care and caution for plaintiff's safety which a very cautious and prudent person similarly situated would have exercised under the same or similar circumstances. and a failure to exercise that degree of care and caution, if any, would be negligence in the sense that the word negligence is used in this charge."

This charge is complained of because it imposes upon appellant a higher degree of care than the law requires under such circumstances, and we think the complaint is well founded. Appellant requested the court to instruct the jury that appellee's failure to either furnish a ticket for her child or to pay his fare from Childress to Fort Worth authorized and justified its conductor in directing and ordering her to leave the train when it reached Quanah, and authorized and justified him in declining to permit her and the child to ride further than Quanah. This charge should have been given. By it the jury were instructed pointedly, as it was appellant's right to have them instructed, that the conductor was authorized by her refusal to pay for the child, to require appellee herself to leave its train at Quanah, thereby relieving any question in the minds of the jurors as to the conductor's right to eject her along with the child. If, then, appellant had the right to eject appellee, it was because she was not a passenger on appellant's train, she having failed to comply with her implied contract to pay fare for her minor child, who was of paying age. Not being a passenger, then, she was not entitled to the protection of a passenger, but the company only owed her the duty of reasonable or ordinary care not to injure her in removing her and the child from its train. Hutchinson on Carriers, section 567c; Philadelphia, Wilm. & Balt. R. R. Co. v. Hoeflich, 62 Md., 300; Warfield v. L. & N. Ry. Co., 55 S. W. Rep., 304; Lake Shore & M. S. Ry. Co. v. Orndorff, 38 L. R. A., 140. The court's charge, therefore, in imposing upon appellant that high degree of care owing by a carrier to a passenger was not authorized under the circumstances and should work a reversal of the case. A jury might well have found from this charge, even under appellant's evidence, that in the exercise of the highest degree of care appellant's conductor or other employe ought to have been present to assist appelleee, and ought to have prevented her alighting at the water tank, as she did, and thus prevented any injury. While on the other hand, if only ordinary care was required of appellant, the jury might have reached an entirely different conclusion.

Appellant sought also by several special charges to have the jury instructed upon the issue of appellee's contributory negligence in leaving the train at the time and under the circumstances she did. This the court declined to do, and appellee replies that the failure was

not error in view of the fifth paragraph of the court's main charge, which is as follows:

"If you believe from the evidence that between the stations of Childress and Quanah, after plaintiff had failed to pay fare for her son, she was told by said conductor that she must take her said son from the train when the same reached Quanah, and that thereafter and when the same reached the water tank near the passenger station at Quanah, but before it reached said passenger station, plaintiff voluntary left the train without the knowledge of the brakeman or conductor, and without being then and there required or directed to do so by the conductor or brakeman then you will return a verdict in favor of the defendant; even though you should further believe from the evidence that in leaving said train plaintiff sustained the injuries she alleged she sustained, and even though you should further believe that she in good faith believed at the time that the place where she left said train was the passenger station."

This paragraph of the charge, which is itself complained of, while not erroneous within itself, falls short of presenting the defense of contributory negligence relied on by appellant. While it is true, as therein stated, that the verdict should be for appellant if appellee voluntarily left the train without the knowledge of appellant's employes, it would also be true that the verdict should be for appellant if she left the train at the time and place she did with the knowledge of appellant's employes, if she did it in such a manner as to be guilty of contributory negligence. Whatever the negligence of appellant's representatives in forcing her to leave the train, and whether they were present at the time and knew of her exit or not, yet if in alighting in the dark at a point other than the station, and in backing down off the steps onto her grip as she says she did, appellee acted as a person of ordinary care would not have acted, and this proximately contributed to her fall and consequent injuries, appellant would of course be entitled to the verdict. So that paragraph five, given by the court, does not quite meet the situation and relieve the error committed by refusing the special charges on contributory negligence. Some one of them, though not all, since they covered the same phase of the case, should have been given.

Other assignments not discussed are overruled, but for the errors mentioned the judgment of the District Court is reversed and the cause remanded for a new trial consistent with this opinion.

*Reversed and remanded.*