#### IN THE

# SUPREME COURT OF TENNESSEE

#### FOR THE

## WESTERN DIVISION.

---

## JACKSON, APRIL TERM, 1923.

---

FRANK BYRD *v.* ISADORE BULLION (two cases).

ASSAULT AND BATTERY. Instructed verdict for plaintiff held improperly denied in view of pleadings.

A general denial in an action of trespass *vi et armis*, for injuries sustained by plaintiff when shot by defendant amounts only to a denial of the shooting, and, where defendant, after such plea, admitted the shooting, and offered evidence that it was unintentional, *held*, that a motion for an instructed verdict for plaintiff was improperly denied; the evidence of lack of intent being competent only on the issue of punitive damages. (*Post, p.—.*)

Case cited and approved: Baran v. Silverman, (R. I.), Ann. Cas., 1914B, 999.

---

### FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.—
HON. B. L. CAPELL and HON. J. P. YOUNG, Judges.

RANDOLPH & RANDOLPH and DAVID C. MOORE, for plaintiff in error.

MCKINNEY BARTON, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

These cases were heard together.   The declaration sued on in the first case is as follows:

'The plaintiff sues the defendant for five thousand ($5,000) dollars as damages by reason of the following facts, to-wit:

"The defendant, on April 2, 1921, without any reasonable cause or just provocation, made an assault upon the plaintiff at his home in the rear of 282 Vance avenue in Memphis, Shelby county, Tenn., with a pistol, and shot the plaintiff in the left shoulder.   As the result the plaintiff was wounded severely, and he was caused to suffer great physical pain and mental anguish.   He was also compelled to seek the services of a physician to have his wound dressed, and he has been compelled to expend considerable money in endeavoring to be cured of the said wound. Plaintiff has not yet recovered therefrom, and he is advised by his physician that the injury will be permanent. The plaintiff has been confined to his bed as the result of said wound, and he has been unable to perform any work since then, and he will be unable to do so for some time yet to come.   The plaintiff was without fault in the matter.

"The conduct of the defendant in making the aforesaid assault on the plaintiff was reckless and wanton and evinced an utter indifference to the consequences.

148 Tenn.—32

"The plaintiff therefore avers that he has a right of action against the defendant for the sum above demanded and therefore he sues.

"The plaintiff demands a jury to try this cause."

To this declaration the defendant filed a plea of not guilty.

The plaintiff's theory of the case was that the defendant willfully and purposely shot him in the shoulder with a pistol.

The defendant's theory was that he believed the plaintiff's dog had bitten his little son, and, acting upon such belief, he went to the plaintiff's home in the city of Memphis, and from the sidewalk, in a stooped position, shot twice at plaintiff's dog in the yard, one shot accidently striking the plaintiff; that he did not see plaintiff, had no malice toward him, and did not intend to shoot him; that he shot to kill the dog for the purpose of having his brain analyzed to ascertain if he had hydrophobia. Neither shot hit the dog.

At the close of all the evidence plaintiff's attorney moved the court to instruct the jury to return a verdict in favor of the plaintiff on the ground that the evidence in the case showed conclusively that the plaintiff had been shot by the defendant, and that, even on the defendant's theory of the case, viz. that the defendant did not shoot the plaintiff intentionally, but by accident, the defendant was liable, but this motion was overruled by the court, and such action duly excepted to.

The jury returned a verdict in favor of the defendant, and, upon appeal, the judgment of the trial court was affirmed.

The trial judge was in error in declining to charge the above request.

It is unnecessary for us to decide the question as to the right to recover on the ground of negligence in civil actions for assault. This question is discussed in the note to *Baran* v. *Silverman* (R. I.), Ann. Cas., 1914B, 999.

Counsel for the defendant contends that the action is one of trespass *vi et armis*. That being true, the defendant's plea of not guilty simply amounted to a denial that he shot the plaintiff. Having admitted the shooting on the trial, the court should have instructed the jury to find for the plaintiff. The evidence as to the shooting being unintentional was, perhaps, competent upon the question of punitive damages.

Mr. Caruthers, in his History of a Lawsuit, section 105, says:

"Actions founded on tort arise out of injuries done the person, the character, or property of another, and the wrongful act is in the law of pleading, trespass, or trespass on the case. The effect of the general issue in such cases, which is 'Not Guilty,' varies according to the nature of the wrong complained of. In an action of trespass affecting the person, as assault and battery, the general issue amounts to a mere denial of the wrongful act, and admits of no evidence of facts in justification. If as a matter of fact the defendant did not assault and beat the plaintiff, then the general issue would be the proper plea; but if he did commit the assault and battery, and the real defense is that it was done in necessary self-defense, or under other circumstances of justification, then the general issue would be inapplicable, for none of these facts can be shown under it. The defendant in such case should abandon the general issue and present his defense by special plea."

Mr. Shipman, in his work on Common-Law Pleading, p. 308, in discussing the general issue in trespass, says:

"Under it, therefore, the defendant can show such matters as directly controvert the fact of his having committed the acts complained of. Matter of justification and excuse would admit them, and must therefore be specially pleaded. In trespass for assault and battery, if the defense is that the defendant did not assault or beat the plaintiff, it will be proper to plead the general issue; but, if his defense be of any other description, the plea will be inapplicable."

And on page 309 he says: "All defenses in justification and excuse, and in discharge, must be specifically pleaded in confession and avoidance in trespass."

The facts of this case justify the rule. The plaintiff unquestionably had a good cause of action; he believed that the defendant shot him purposely, and, according to the evidence, was justified in such belief. The defendant's plea denied that he shot the plaintiff. There was no necessity for a count of negligent assault. Had the defendant, by proper plea, set up this defense, plaintiff could then have amended by filing such a count. After all the only difference is that in the one case plaintiff would be entitled to punitive damages, while in the other he would not.

The case will be reversed and remanded, with leave to defendant to file additional pleas, in which event the plaintiff will be permitted to file additional counts to his declaration.

The defendant will pay the costs of the appeal.

As to the second suit, it becomes immaterial, since it was for the same cause of action. As to it the judgment of the court of civil appeals will be affirmed.