J. K. MARTIN, et al., v. T. M. HOSKINS, et al.

Western Section. June 20, 1925.

No petition for Certiorari was filed.

1. Easements. Right-of-way by prescription.
     In an action to gain a right-of-way by prescription, held there must be an uninterrupted use of the road under a claim of right, hostile and adverse to the owner of the land.

2. Easements. Evidence. Evidence held not sufficient to give complainant a right-of-way by prescription.
     Where evidence showed complainant and defendant had an oral agreement for the use of a road over defendant's land upon certain conditions a number of years before the suit, and conditions were broken, held defendant could close the road, for complainant had not acquired a right-of-way by prescription.

Appeal from Chancery Court, Decatur County; Hon. Tom C. Rye, Chancellor.
Affirmed.

E. W. Ross, of Savannah, J. L. White, of Decaturville, and W. H. Lancaster, of Lexington, for complainants.

J. A. England, of Decaturville, for defendants.

CLARK, J.   The bill in this case was brought by complainants, J. K. Martin et al., asserting the right to use and enjoy a right-of-

way or road over a tract of land belonging to the defendants, T. M. Hoskins et al., and to enjoin them from obstructing it.

Complainants prayed for a mandatory injunction requiring the defendant, T. M. Hoskins, to remove a fence which he had constructed across the road in question. Upon the filing of the bill a flat was granted, a mandatory injunction issued, and said defendant removed the fence.

The complainant, J. K. Martin, and the defendant, T. M. Hoskins, are the material parties to the lawsuit, and it will not be necessary to make reference to the other parties.

Upon the hearing of the case, the Chancellor dismissed complainants' bill, dissolved the injunction that had previously been granted and taxed complainants with the cost. They have appealed to this court and assigned that action as error.

As we understand the contention made for the complainant, J. K. Martin, he claims the right to use the road in question upon two grounds: Prescription, arising from continuous user for more than twenty years; and dedication by the owner, T. M. Hoskins, and his predecessors in title, of the property to the public. The facts disclosed by the record are substantially as follows: The defendant, T. M. Hoskins, is the owner of a tract of land in Decatur county near the Lexington and Clifton Road and only a short distance from the Tennessee River. He purchased a portion of his land from the heirs of one Davis. The complainant is the owner of a tract of land adjoining defendant's said land and a portion of his land was also purchased by him from the heirs of said Davis. We do not understand that complainant insists that he has a way of necessity over defendant's land. If he does, the insistence is without foundation for the reason that it is not necessary for complainant to pass over defendant's land in order to get to the public road. In other words, complainant can get to the public road by passing over his own land and without passing over defendant's land.

For perhaps as much as forty years there has been what might be called a road-way leading over defendant's land to a point on the Lexington and Clifton Roads. This road-way has never been declared a public road, was never taken over by the county authorities or worked by the public. During the time that defendant has owned the land over which this road-way passes he has maintained a gate or gates across same, and his predecessors in title probably did likewise. There have been times when he permitted people to pass over this road-way in going to and from Martin's Landing (the complainant, J. K. Martin) on the Tennessee River, but such parties as have used the road clearly used same with the permission of defendant and not adverse to him. At times defendant kept the gates locked, and when his locks were broken or taken away, he

kept the gate fastened by driving poles or stakes in the ground near the gate and in such a way as prevented its being opened. On a number of occasions he denied people the right to go over the road and turned persons back whom he found crossing it without his consent.

The complainant, J. K. Martin, operated a landing on the Tennessee River and he desired to use the road in question in going to and from said land and perhaps for other purposes. He approached defendant with reference to the matter—or at least he and defendant conferred with reference to the matter—with the result, that a number of years ago, the exact time is not shown, said complainant and defendant entered into an oral agreement by and under the terms of which defendant was to permit complainant and his tenants to use said road, provided they did not get out of the beaten path, did not drive over defendant's crops, would keep the stock off defendant's lands and would keep the gates closed. As a return or consideration for this agreement, the complainant agreed to give defendant free bankage at his landing.

By virtue of this agreement, defendant permitted complainant and his tenant to pass over the lands in question for some time, but either complainant or his tenants left the beaten path and drove over defendant's land at places where the road had not been, left the gates open, and permitted their live stock to get on defendant's crops. Because of this, defendant built the fence across the road in question.

We do not mean to say that the facts as above stated are uncontradicted. We think they are sustained by a clear preponderance of the proof.

"To give user this effect (prescriptive right) it must be uninterrupted in the land of another by the acquiescence of the owner, for a period of at least twenty years, under an adverse claim of right, while all persons concerned in the estate in or out of which it is derived, are free from disability to resist it, and are seized of the same in fee and in possession during the requisite period. Where all these circumstances concur, it raises prima-facie evidence of a right to such easement acquired by a grant which is now lost." Saunders v. Simpson, 97 Tenn., 385.

But complainant must show that his use of the road was under a claim of right, hostile and adverse to the defendant, Hoskins. Sharp v. Mynatt, 1 Lea, 375.

In this case, as was said in Worth v. Dawson, 1 Sneed, 59. "There is no evidence in this record showing a dedication by the owner of the way in question, to the use of the public or of any such intention on his part. The proof establishes nothing more than a mere license, or permission, by the owner, to the inhabitants of a

local neighborhood, to use the pathway as a matter of favor and convenience. And such use being only by sufferance, during the pleasure of the owner, he had a right to put an end to it at any moment. No use or acceptance of the way by the public is shown, nor any recognition of it by the proper authority, the county court. That a right-of-way may be claimed by a dedication to the public use by the owner of the soil is not denied, but, with us, this doctrine must be cautiously admitted. Its too easy application would defeat the right of the owner of the soil to have compensation for the damages sustained by laying out a road over his land, to which he is entitled, when such road is laid out by the proper authority." McKinney v. Duncan, 121 Tenn., 272-273.

Complainant does not claim express dedication from any of the successive owners of the land, but only an implied one, because he and others living in the neighborhood were allowed to use the passway without interruption for a number of years.

It results that the assignment of error is overruled and the decree of the chancellor is affirmed, with cost.

Owen and Heiskell, JJ., concur.