PROVIDENT LIFE & ACCIDENT INS. CO. v. BROOME.—66 S. W. (2d), 1041.

Eastern Section.   July 1, 1933.

Petition for Certiorari denied by Supreme Court, October 19, 1933.

John A. Chambliss, of Chattanooga, for plaintiff in error.
Williams & Williams, of Chattanooga, for defendant in error.

SENTER, J. The parties will be referred to as in the court below, Mrs. Dovie Mullican Broome, plaintiff, and Provident Life & Accident Insurance Company, defendant.

This is a suit by plaintiff against the defendant to recover on a policy of insurance. The declaration avers that she was in the employment of the Richmond Hosiery Mills, of Rossvale, Georgia, and procured from the defendant an insurance policy dated November 1, 1927. The declaration avers that she worked for the Richmond Hosiery Mills off and on for about eighteen years, and worked for said company after the issuance of said policy, and up to September 5, 1930, when she became desperately ill and totally disabled, since which time she has been and is now totally incapacitated from performing her usual work. The declaration avers that, after she became ill, she was examined by her physician who found her left kidney enlarged, and upon advice of her physician she was operated on and her left kidney removed, and since said operation she has suffered and now suffers from acute and severe pains in her spine and in her internal organs; that she has been taking treatment for these ailments without any relief or cure, and, since September 5, 1930, she has been and is now totally and wholly disabled because of said disease to do any work whatsoever. The declaration avers that after plaintiff became disabled, she presented her claim to the defendant, on or about October 1, 1931, soon after which the defendant's doctor examined plaintiff, after which defendant refused to pay plaintiff the amount due under her policy. The declaration sets out the following provisions contained in the policy sued on, and which are as follows:

"Total and Permanent Disability Benefits: If any employee shall furnish the Company with due proof that, while insured under said group life policy and before having obtained the age of sixty, he has become wholly disabled by bodily injury or disease and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for remuneration or profit, the Company will waive further payment of premiums as to such employee under the said group life policy the amount of insurance in force thereunder upon his or her life at the time of the receipt of due proof of such disability, in a single sum or in a fixed number of installments at the option of the employer, according to the table stated below, the first installment to be paid immediately upon receipt of satisfactory proof of such disability. (Here follows the table.)

"Any installments remaining unpaid at the death of the employee shall be payable as they become due to the beneficiary designated by such employee. Such remaining installments may be commuted into one sum on the basis of interest at the rate of $3\frac{1}{2}$ per centum per annum."

Plaintiff avers in her declaration that she paid all premiums on said policy and fulfulled her part of said contract with the defendant; that she complied with the policy in making proof of her said claim, and defendant waived proof of claim by making an investigation thereof, and afterwards denying liability on the claim, and is therefore estopped from defending on any ground that plaintiff failed to make proof of claim as required by the contract. The declaration also seeks a recovery of the statutory penalty to cover cost and expenses on account of the willful failure of defendant to pay said claim and because such refusal to pay was not in good faith.

To the declaration, the defendant filed pleas as follows:

"1. For plea in this cause the defendant says that it does not owe the plaintiff as in the declaration alleged.

"2. For further plea in this cause the defendant says that it did not promise, undertake, or agree as in the declaration alleged."

To these pleas the plaintiff joined issue.

At the hearing of the cause the jury returned a verdict in favor of plaintiff for the sum of $1,000, but did not allow any recovery for the penalty sued for.

At the conclusion of all the evidence, the defendant moved the court for a directed verdict in its favor. Since one of the serious questions made on this appeal involves the motion for a directed verdict, we set out what occurred at the conclusion of all the evidence. The attorney for the defendant stated:

"I want to make a general motion for a directed verdict, if Your Honor please. The jury need not retire.

"Court: Yes, sir.

"Mr. Chambliss: Your Honor overrules the motion and we note an exception.

"Court: Yes, sir."

After the verdict of the jury, the defendant made a motion for a new trial. The grounds for the motion for a new trial were as follows:

"1. There was no evidence to support the verdict of the jury.

"2. The court erred in failing and refusing to direct the jury to return a verdict for the defendant upon the motion made to this effect by the defendant.

"3. The undisputed evidence showed that the plaintiff had not complied with or brought herself within the terms of the contract sued upon so as to be entitled to recover thereon."

The court overruled the motion for a new trial and rendered judgment on the jury verdict for the sum of $1,000 in favor of plaintiff. From the action of the court in overruling its motion for a new trial and in rendering judgment against it and in favor of plaintiff, the defendant prayed and was granted an appeal in the nature

of a writ of error to this court, which appeal has been perfected and errors assigned as follows:

"1. The court erred in failing and refusing to grant the defendant a new trial on the ground that there was no evidence to support the verdict of the jury.

"2. The court erred in failing and refusing to grant the defendant a new trial on the ground that it should have, on the motion of defendant, directed the jury to return a verdict for the defendant.

"3. The court erred in failing and refusing to grant defendant a new trial for the reason that the undisputed evidence showed that the plaintiff had not complied with or brought herself within the terms of the contract sued upon so as to be entitled to recover thereon."

Under these several assignments of error the real contentions made by appellant are: First, that plaintiff should not have been allowed to recover the sum of $1,000 because there is a provision in the contract that in case there is total and permanent disability and due proof is made, the amount will be paid either in a single sum or in installments, at the option of the employer; that in the particular instance the plaintiff would be entitled to payment by installments, and would have a right to elect as to the amount per month and number of years such installments should run, the Richmond Hosiery Mills having exercised its option with respect to installment payments, as expressed in a letter to the defendant. Second, that plaintiff did not present proof of her claim within the period designated in the policy contract (thirty-one days) after her employment with the Richmond Hosiery Mills had terminated.

Appellant does not seem to make any serious contention, but admits that there was a conflict in the evidence as to whether or not plaintiff became totally and permanently disabled from pursuing any gainful occupation. And since we find that there was evidence to support the verdict on that question, it will not be further considered.

Appellee contends that neither of the two questions now relied upon by appellant can be considered on this appeal for the reason that these questions were not made in the trial of the case in the lower court, and at no time called to the attention of the trial judge, either in the motion for a directed verdict or in the motion for a new trial. In this connection it is further contended by appellee that at the beginning of the hearing of the case, and while Mrs. Broome was testifying as to her disability, the following occurred:

"Court: Gentlemen, is not the only question in this case, in view of this certificate, and in view of your admission a while ago, as to whether she is totally disabled or not?

"Mr. Chambliss: If your Honor please, I would rather not say

that right now, because I would rather the case would develop a little further, and if I choose to make a motion for peremptory instructions.

"Judge Williams: If he is going to ambush me, I want to know what the claim is.

"Court: Go right ahead."

Again in the charge to the jury the trial judge on this subject stated to the jury as follows:

"Well, now, Gentlemen of the Jury, it seems from the argument in this case of counsel, that the only question involved is whether or not this plaintiff is totally and permanently disabled within the terms of this policy."

The attorney for the defendant did not at that time, or at any other time so far as disclosed by the record, make any objections to that statement made by the trial judge to the jury in his charge; nor did he offer any special requests to be given in charge presenting the questions now relied upon on this appeal.

When the motion for a directed verdict was made, the attorney for the defendant did not present either of these two questions, but stated to the court that he desired to make a motion for a directed verdict, but that it was not necessary that the jury be withdrawn, and from what was said as hereinbefore quoted, by the attorney for the defendant, no argument on the motion was had, and the attorney for the defendant seemingly intended that the motion for a directed verdict should be overruled, and that it was merely made for the benefit of the record. In view of the question asked by the court when Mrs. Broome was on the witness stand testifying, to the effect that, if it was to be understood that the only question involved was to the matter of the total and permanent disability of plaintiff, and the attorney for the defendant merely replied that he did not care to commit himself at that time, but would rather the case would develop a little further, but never made any reference, either at that time or at any other time during the trial of the case, or in the motion for a directed verdict, or at the time the charge was delivered, that these questions would be made or were being made, we think makes it clear that the learned trial judge never had these matters presented to him in any way or in any form.

While it may be said that the two pleas, both of which presented general issues, were sufficient to raise these questions and to make the issue, but the fact remains that there was apparently no effort upon the part of defendant to develop these issues in the course of the trial. We think it clear from the record that the learned trial judge, throughout the trial, proceeded upon the assumption that the only contested issue was with reference to the physical condition of the plaintiff, and as to whether or not she was totally and permanently disabled.

In this connection, and with respect to the first assignment of error

to the effect that the employer had elected for the employee to have the claim paid in installments rather than in one total sum for the amount of the certificate, $1,000, the record discloses that at the conclusion of all the evidence, this letter written by the employer to the insurance company, dated February 12, 1932, together with another letter, were introduced as evidence by the defendant, and this occurred:

"Mr. Chambliss: If your Honor please, we have a couple of letters, of February 12 and August 9, written by the Richmond Hosiery Mills, consider those in, and that is our case."

The attorney for the defendant objected to the introduction of the two letters. The letter of February 12, 1932, purported to be an election by the employer for the claim to be paid in monthly installments. The objection to the introduction of this evidence was sustained by the court, and his action in so doing was excepted to. However, the action of the court in excluding this letter was not made one of the grounds of a motion for a new trial, nor was the action of the court in excluding these letters as evidence assigned as error in this court. The assignment on this subject seems to proceed upon the theory that this election, or alleged election, made by the employer, and set forth in the letter, evidences the election, and, hence, should have been the basis of the recovery, if any.

It will be observed, further, that this alleged election by the employer for installment settlement was dated February 12, 1932. This was subsequent to the institution of the suit by plaintiff in this cause, and after the defendant had denied any liability and had refused to recognize the claim on either basis, i. e., installment settlement or the lump sum. We are of the opinion that this contention now being made under the assignments of error cannot be sustained.

██ ██ We are also of the opinion that the learned trial judge cannot be put in error on a matter or subject, to which his attention was never called at any time during the trial of the case. When the court inquired of counsel during the trial of the case, if the only question or issue was with respect as to whether or not the plaintiff was then permanently and totally disabled, the attorney for the defendant did not at that time enlighten the court as to any other contention, but merely reserved his answer until the case was further developed. In the motion for a directed verdict, it is clear from what has been already referred to, that no such question was then made by the attorney for the defendant as is now being made with reference to a failure to furnish proof of claim within the period provided in the policy, or that such proof was not filed within thirty-one days after she had terminated her employment with the Richmond Hosiery Mills. As hereinbefore referred to, when the trial judge charged the jury, he stated that he understood from argument of counsel and the case as presented, that the only question was with

reference to the physical condition of plaintiff, that is, was she or not totally and permanently disabled. The very first paragraph of the charge: "Well, now, Gentlemen of the Jury, it seems from the argument in this case of counsel, that the only question involved is whether or not this plaintiff is totally and permanently disabled within the terms of the policy. Now, if she is, she is entitled to recover. If she is not, she is not entitled to recover," shows that the learned trial judge proceeded on the assumption that that was the only question or issue insisted upon by either party. The attorney for plaintiff did nothing, or said nothing, to correct this assumption upon the part of the trial judge, if the trial judge was mistaken in the assumption. He did not offer or submit a special request embodying any other theory of the defendant as to why plaintiff was not entitled to recover. We think that this case is ruled by the case of National Hosiery & Yarn Co. v. Napper, 124 Tenn., 155, 135 S. W., 780, 783. In that case the court was considering and discussing, especially, an assignment of error to the effect that the trial court committed affirmative error in a portion of the charge to the jury. The Supreme Court, in disposing of that assignment of error, stated:

"We think the error was an affirmative one, since, when the portion of the charge in which it appears is taken in connection with the context, it could not have failed to mislead the jury.

"However, this error is not available to the plaintiffs in error in the present case, because, in the first paragraph quoted from the charge, supra, the trial judge stated to the jury, without objection or protest on the part of plaintiffs in error's counsel, that such was the contention of the plaintiffs in error. If plaintiffs in error made such contention, they misled the trial judge into the error now complained of. If the trial judge misconceived the contention of the plaintiffs in error, it was their duty, through their counsel, to protest at the time, and have the proper correction made, by special request or other form, before the case was finally given to the jury. The rule upon this subject is the same as that which applies when a trial judge, in his charge to the jury, assumes a fact to be conceded, or makes an assumption in the charge based upon the course of the party in the court below and acquiesced in by that party at the time as correct, or that a certain contention is the real matter of contention between the parties. McColgan v. Langford, 6 Lea, 108, 116, 117; Hayes v. Cheatham, 6 Lea, 1, 7; Malone v. Searight, 8 Lea, 91; Slattery v. Lea, 11 Lea, 9, 12. It was held in the cases cited that it is the duty of the trial judge to narrow the issues as much as practicable in order to facilitate the labors of the jury."

In the more recent case of Smith v. State, 159 Tenn., 674, 21 S. W. (2d), 400, the court held, as set forth in the tenth headnote:

"Whenever the court in its charge to the jury assumes a fact to be conceded or makes an assumption in the charge upon the course

of the parties in the court below, acquiescence by the parties in interest in such an assumption of the trial judge will preclude a subsequent objection after verdict." Citing in support National Hosiery & Yarn Co. v. Napper, supra.

In the case of Fred Montesi v. Bernard Patton, 10 Tenn. App., 455, this court held that, though a court affirmatively fails to set out the theory of the parties correctly, this is not error unless it is called to the attention of the court, by a special instruction correctly setting out the theory sought to have charged. Hosiery Co. v. Napper, 124 Tenn., 155, 135 S. W., 780.

In another recent case by this court, Bealafelt v. Hicks, 13 Tenn. App., 18, opinion by Mr. Special Justice Higgins, the court had under consideration the question of affirmative error by the trial judge in the charge to the jury, with reference to the measure of damages, wherein this court held that it is singular that this unusual statement and assumption by the circuit judge went unchallenged at the time. The only reasonable deduction is that the battle was waged, not on the question of the amount, but on the right to a recovery of anything.

The doctrine of estoppel underlies all branches of jurisprudence. Particularly is it operative and effective in matters of procedure, and clearly so with respect to the taking of steps in the trial of the cause. One of the rules derived from these principles is that if the attorney representing a litigant stands by and permits the court to assume a certain attitude or state a certain theory or contention known to the attorney to be incorrect, it is his duty to direct the attention of the court to his wrongful position or assumption. This is peculiarly applicable to instructions delivered by the judge to a jury. The practice now is for attorneys by appropriate special requests or by some other method, to inform the court that he is pursuing a mistaken theory or that he is making manifest misstatements of the fact. There can be no disputing of the proposition that in such situation the parties affected should speak out and that they should be held estopped to complain about an error which was one likely to occur and one which could have been so easily corrected. This case also cites National Hosiery Co. v. Napper, supra, and Mayor and City Council of Nashville v. Patton, 2 Tenn. Civ. App. (2 Higgins), 515.

The court further states in that connection: "This should be classed as an invited or permitted or sanctioned error. It is well established that such steps cannot be made the basis of an assignment of error in the absence of timely efforts to correct it."

■■ These and numerous other cases that could be cited to the same effect proceed upon the generally recognized rule that the trial court should be given proper opportunity to correct errors, if any are made. Admitting that the pleas filed by the defendant in the present case both of which plead the general issue, denying liability

under the provisions of the contract sued on and denying averments in the declaration, are sufficiently broad to have raised the question, yet at no time, or in no way, during the progress of the trial, or in so far as disclosed by the motion for a new trial, did the defendant bring to the attention of the trial judge the contention now being made under the assignments of error.

Appellant, in the excellent brief filed, cites authorities in support of the contention that the termination of employment occurred, in the present instance, on September 5, 1930, the day plaintiff was taken ill. Among others is the case of American National Ins. Co. v. Jackson, 12 Tenn. App., 305. While that case was a death case and not a total disability case, as is the present, yet there is language in the opinion that supports the contention of appellant, although that case is distinguishable from the instant case in other particulars. In the present case it appears that on September 5, 1930, plaintiff, while in the employ of the Hosiery Mills, and insured under the group policy and certificate, was taken seriously ill, necessitating a serious operation. · She continued to pay the premium, and evidently her employer considered that she was protected under the insurance policy, and her name was never dropped from the list of employees, although she never returned to her work after she was taken sick on September 5, 1930, and has never been able to do any work since that time. If her illness had been of short duration, we do not think it could be considered that her employment terminated on the date that she was taken ill. She could have returned to her work after a temporary absence, if she was only temporarily sick. Evidently the employer so considered, else he would have complied with the terms of the group policy and notified the defendant insurance company that her employment had been terminated. This was not done, but the employer continued to carry her on the roll of employed until she filed her claim for total disability. It does not, therefore, affirmatively appear that her employment was terminated on September 5, 1930; nor does it affirmatively appear that she did not make the claim within the time provided in the policy contract. Under the provisions of the contract she was only required to file her claim in thirty-one days after the termination of her employment. We think it clear from the record that both plaintiff and her employer expected that she would recover and be able to return to her work. When it was discovered by her that her physical condition was such that she would never be able to return to her employment, she filed her claim. However, in the view we have taken, and as hereinbefore discussed, we are of the opinion that the assignments must be overruled and the judgment of the lower court affirmed.

It results that the assignments of error are accordingly overruled, and the judgment of the lower court is affirmed. Appellant and surety on the appeal bond will pay the cost of this appeal.

Heiskell and Anderson, JJ., concur.